UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DAVID SYLVESTER LOGAN,**

    Plaintiff,

v.                                                                           **Case No: 5:15-cv-406-Oc-37PRL**

**REGINA GORDON, MARION
COUNTY BOARD OF CRIMINAL
JUSTICE and SHERIFF DEAN**

    Defendants.

## ORDER

In this apparent civil rights case, the Plaintiff complains about his May 26, 2011 arrest under the Fourth and Fifth Amendments. The Defendants removed this case to this court. Pending before the Court now is Plaintiff's motion to amend his original complaint (Doc. 3). In Plaintiff's motion to amend, he asks to add claims regarding the Eight and Fourteenth Amendments, along with a claim under the Universal Declaration of Human Rights.

Also before the court are Plaintiff's motion to drop one defendant (Doc. 4) and Defendant's motion to substitute a party (Doc. 7). Because Plaintiff shall be afforded an opportunity to amend, the other two motions are denied as moot. Plaintiff, however, shall follow the Court's guidance below.

While the Defendants oppose Plaintiff's motion to amend, Rule 15(a), Federal Rule of Civil Procedure, entitles Plaintiff to amend his complaint as a matter of course. Here, Plaintiff served the Marion County Sherriff on July 23, 2015, and then he filed his motion to amend his complaint just seven days later. As he has a right to amend under Rule 15(a), he shall file his

- 2 -

amended complaint on or before September 4, 2015. Defendant shall file a response on or before fourteen days after the date Plaintiff files.

In his amended complaint, Plaintiff may drop as a Defendant the "Marion County Board of Criminal Justice." Also, Plaintiff is cautioned that Ed Dean is no longer the Marion County Sherriff and Plaintiff does not accuse Ed Dean of any personal misconduct. Plaintiff only asserts that Ed Dean was "over" the Marion County Jail and "over" Officer Regina Gordon at the time of the alleged misconduct. (Doc. 2). As stated below, there is no vicarious liability for constitutional claims against individual government actors: "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Under Federal Rule of Civil Procedure 25(d), the substitution of "Sheriff of Marion County, Florida, in his official capacity" for "Ed Dean" should have no effect on Plaintiff's claim as "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending." And, under Federal Rule of Civil Procedure 17(d), designating the sheriff defendant as "Sheriff of Marion County, Florida, in his official capacity" is permitted as "[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name."

In addition, Plaintiff shall be mindful of the following. In filing an amended complaint, Plaintiff shall not set forth the "facts" in a narrative chronology, but instead put the facts in sequentially numbered paragraphs. Rule 10, Federal Rules of Civil Procedure, requires that all averments of the claim shall be made "in numbered paragraphs" and limited to a statement of "a single set of circumstances." Additionally, Rule 8 requires that pleadings include a short and plain statement of facts showing that the pleader is entitled to relief. In filing his Amended Complaint, Plaintiff is required to comply with these minimal pleading standards.

Although the complaint need not set forth detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, the factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Iqbal*, 556 U.S. at 678. The law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id*.

Plaintiff is reminded that it is well established that government agents are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When considering a plaintiff's claim against a government actor in his or her individual capacity, the Court generally first determines whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. To state a plausible claim for relief, the facts alleged by the Plaintiff must contain sufficient allegations to show that the individual defendant *personally participated* in the alleged constitutional violation. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Indeed, there is no vicarious liability for constitutional claims against individual government actors: "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

Plaintiff should not include argument in his amended complaint. Citations of case law and statutes generally are not appropriate in a complaint, but rather are included at later stages of litigation, including a motion to dismiss, motion for summary judgment, or at the time of trial.

Plaintiff should note that an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinks v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1201 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial complaint. Additionally, any affidavits, supporting documents, and/or supplements should be included with the amended complaint and marked as exhibits. After completing his amended complaint, Plaintiff must mail it to the Court with a copy for each defendant.

Plaintiff is further cautioned that despite proceeding pro se, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

**THEREON** it is **ORDERED** that the motion is GRANTED.

**DONE** and **ORDERED** in Ocala, Florida on August 21, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties